IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

NOVEMBER 1997 SESSION



**FILED**

**January 5, 1998**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

STATE OF TENNESSEE,   )
         )
    APPELLEE,  )
         )  No 03-C-01-9611-CR-00413
         )
         )  Bradley County
v.          )
         )  Mayo L. Mashburn, Judge
         )
         )  (Sentencing)
RAYMOND CARTWRIGHT,  )
         )
    APPELLANT. )


FOR THE APPELLANT:

C. Richard Hughes, Jr.
Assistant Public Defender
P.O. Box 1453
Cleveland, TN 37364-1453

OF COUNSEL:

Charles M. Corn
District Public Defender
P. O. Box 1453
Cleveland, TN 37364-1453

FOR THE APPELLEE:

John Knox Walkup
Attorney General & Reporter
500 Charlotte Avenue
Nashville, TN 37243-0497

Ellen H. Pollack
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN 37243-0493

Jerry M. Estes
District Attorney General
P.O. Box 647
Athens, TN 37371

Carl F. Petty
Assistant District Attorney General
P.O. Box 1351
Cleveland, TN 37364-1351


OPINION FILED:_____


AFFIRMED


Joe B. Jones, Presiding Judge

# OPINION

The appellant, Raymond Cartwright (defendant), was convicted of evading arrest, a Class A misdemeanor, by a jury of his peers. The trial court sentenced the defendant to serve eleven months and twenty-nine days in the Bradley County Jail.[1] The defendant presents one issue for review. He contends the sentence imposed by the trial court was excessive. After a thorough review of the record, the briefs submitted by the parties, and the law governing the issue presented for review, it is the opinion of this court that the judgment of the trial court should be affirmed.

The record in this case contains a transcript of the sentencing hearing and what was formerly called the "technical record." A transcript of the trial proceedings has not been included in the record transmitted to this court. This omission prevents this court from having access to all of the facts and circumstances considered by the trial court when imposing the sentence challenged by the defendant. This is especially disadvantageous when the parties referred to the facts adduced at the trial during the sentencing hearing. It is the duty of the accused to prepare a record which conveys a fair, accurate and complete account of what transpired with respect to the issues which form the basis of the appeal. Tenn. R. App. P. 24(b).

This court has conducted a <u>de novo</u> review of the record before this court with a presumption that the factual determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d). Of course, the defendant, as the person challenging the length of the sentence, has the burden of establishing that the sentence was erroneous. Sentencing Commission Comments to Tenn. Code Ann. § 40-35-401 (1997 Repl.); <u>State v. Ashby</u>, 823 S.W.2d 166, 169 (Tenn. 1991).

The trial court found one mitigating factor, namely, the defendant's conduct neither caused nor threatened serious bodily injury. Tenn. Code Ann.§ 40-35-113(1). The court found one enhancement factor, namely, the defendant has a previous history of criminal convictions. Tenn. Code Ann. § 40-35-114(1).

The trial court found that the defendant has been previously convicted of three

---

[1]The trial court did not assess a fine as part of the sentence.

counts of burglary: burglary first degree, burglary second degree, and burglary third degree. He has also been convicted of grand larceny and petit larceny. The trial court should have found that the defendant had a previous history of unwillingness to comply with the conditions of a sentence involving release in the community. Tenn. Code Ann. § 40-35-114(8). The defendant was released on parole after serving a portion of a prior felony sentence. His parole was revoked, and he remained in the Department of Correction until the expiration of his sentence. This court may consider factor (8) in determining the issue presented for review. State v. Loden, 920 S.W.2d 261, 266 (Tenn. Crim. App. 1995); State v. Smith, 891 S.W.2d 922, 931 (Tenn. Crim. App. ), per. app. denied (Tenn. 1994).

It is obvious the trial court afforded the mitigating factor little weight. The record establishes the trial court afforded the defendant's prior convictions great weight. This court affords enhancement factor (8) great weight as well. The weight given mitigating and enhancement factors rests within the sound discretion of the trial court. State v. Moss, 727 S.W.2d 229, 237 (Tenn. 1986); State v. Shelton, 854 S.W.2d 116, 123 (Tenn. Crim. App. 1992), per. app. denied (Tenn. 1993). The trial court did not abuse its discretion when assessing the weight given to these two factors. The defendant was sentenced to the Department of Correction in each prior conviction. The maximum sentence was justified to avoid depreciating the seriousness of this offense, fleeing from a police officer. Furthermore, the length of this sentence will serve to deter the defendant as well as others from committing such an offense. The offense of evading a police officer can create dangerous conditions which could result in serious bodily injury to the defendant as well as the police officer.

_____
JOE B. JONES, PRESIDING JUDGE

3

CONCUR:


_____
PAUL G. SUMMERS, JUDGE


_____
CURWOOD WITT, JUDGE